1  Tyler A. Brown (State Bar No. 121350)
   Angel R. Sevilla (State Bar No. 239072)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California  94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  brownt@jacksonlewis.com
5  E-mail:  angel.sevilla@jacksonlewis.com

6  Attorneys for Defendant,
   WAVEDIVISION HOLDINGS, LLC
7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSE SANCHEZ, an individual, on behalf       Case No.
    of himself and on behalf of all persons
12  similarly situated;                          **DEFENDANT WAVEDIVISION
                                                 HOLDINGS, LLC'S NOTICE
13             Plaintiff,                        OF REMOVAL OF ACTION
                                                 UNDER U.S.C. § 1332**
14  vs.
                                                 San Mateo County Superior Court
15  WAVEDIVISION HOLDINGS, LLC, a                Case No.: 18CIV00684
    Limited Liability Company; and Does 1
16  through 50, Inclusive,                       Complaint Filed:  February 9, 2018
                                                 Complaint Served:  March 27, 2018
17             Defendants.                       Trial Date:        None set

18

19  TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21         PLEASE TAKE NOTICE that Defendant WAVEDIVISION HOLDINGS, LLC

22  ("Defendant") invokes this Court's jurisdiction under 28 U.S.C. § 1332 and removes this action to

23  this Court from the Superior Court of the State of California in and for the County of San Mateo,

24  pursuant to 28 U.S.C. §1441, (as amended by the Class Action Fairness Act of 2005 Pub. L. 109-

25  2, section 4(a) ("CAFA")).  While Defendant disputes that Plaintiff JOSE SANCHEZ is entitled to

26  any recovery in this action, Plaintiff's allegations place in controversy a sufficient amount to bring

27  this case within the jurisdiction of this Court.

28  / / /

                                                1

**INTRODUCTION**

1.     On February 9, 2018, Plaintiff filed a class action civil complaint against Defendant in San Mateo County Superior Court, Case No. 18CIV00684.   The Complaint sets forth the following six class-wide causes of action:  (1) Unfair Competition under Business and Professions Code 17200; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Breaks; (5) Failure to Provide Accurate Itemized Wage Statements; and (6) Failure to Provide Wage Payments under Labor Code sections 201, 202, and 203.

2.     Defendant received the Summons and Complaint and related court documents in this action on March 27, 2018.   A copy of the Summons, Complaint and other related court documents is attached as **Exhibit A** to the Declaration of Angel R. Sevilla, filed herewith.

3.     On April 19, 2018, Defendant filed an Answer to the Complaint.  A true and correct copy of Defendant's Answer is attached as **Exhibit B** to the Sevilla Declaration.

**JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

4.     Section 4 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

5.     In addition, CAFA confers federal court jurisdiction only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities.  28 U.S.C. § 1332(d)(5).

6.     As set forth below, this action satisfies all the requirements for federal jurisdiction under CAFA.   This action (1) involves an amount in controversy greater than $5,000,000; (2) involves a plaintiff and a defendant who are citizens of different states; (3) involves a putative class of 100 or more purported members; and (4) does not involve a defendant who is a governmental official or entity.

///

///

DEFENDANT'S NOTICE OF REMOVAL                    Case No.

The Purported Amount in Controversy Exceeds $5,000,000

7.    CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d).

8.    When measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *5 (N.D. Cal. 2014), *citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 992, 1001 (C.D. Cal. 2002).

9.    In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added).  For the following reasons, the Complaint places an amount in controversy exceeding $5,000,000.

10.    Although the Complaint is silent as to the amount in controversy, the amount in controversy exceeds $5,000,000 as to Plaintiffs' second to sixth causes of action when the following allegations set forth by Plaintiffs are considered:[1]

    a.    The putative class consists of "all individuals who are or previously were employed by Defendant in California as Technicians and classified as non-exempt employees at any time during the period beginning four (4) years prior to the filing of this Complaint." (Complaint ¶4.) There are 306 persons that fit Plaintiff's definition of the class.

    b.    Under the second, third, and fourth causes of action, Plaintiff seeks damages for alleged unpaid overtime compensation, and premium pay for noncompliant meal periods and rest breaks.  To compute the amount in controversy deriving from these claims, Defendant makes a conservative

---

[1] The assumptions set forth herein are based on the information provided by Defendant and information set forth in the Complaint.  No admission is being made by Defendant with respect to liability, damages, certification, or any other purpose.

DEFENDANT'S NOTICE OF REMOVAL              Case No.

estimate of one hour of unpaid overtime per week per employee. Based on Plaintiff's allegations, we also apply an estimate of one noncompliant meal period per week, and one noncompliant rest break per week per employee.

c.  Under the fifth cause of action, Plaintiff seeks penalties under California Labor Code section 226. Section 226(e) provides that an employee suffering injury as a result of an employer's failure to provide accurate wage statements may recover the greater of (a) actual damages; or (b) fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each subsequent violation, not to exceed an aggregate penalty of four thousand dollars ($4,000). Given the rates of turnover experienced by Defendant, each position could generate approximately $4,000 in wage statement penalties. Nevertheless, in computing the amount in controversy, Defendant assumes that each position would generate no more than $2,600 in penalties under section 226(e) regardless of the turnover rate.

d.  Under the sixth cause of action, Plaintiff seeks waiting time penalties under California Labor Code § 203. According to § 203, an employee who is not timely paid all wages due upon termination may recover a penalty equal to the employee's daily rate of pay for each day the wages are improperly withheld, for up to 30 days. Given the number of employees whose employment was terminated since February 9, 2015, the potential exposure to waiting time penalties significantly increases the amount in controversy. Together with the amount in controversy from the first four causes of action, the amount in controversy is sufficient to support removal even if it is assumed that the terminated employees worked, on average, less than seven hours per work day.

e.  Accordingly, the amount placed in controversy by Plaintiffs' second to sixth causes of action exceeds $5,000,000 even if you assume (i) that the exposure

4

from the second to fourth causes of action is limited to one hour of overtime wages per week per employee, one hour of meal period violation premium pay per employee per week, and one hour of rest break violation per employee per week; (ii) that the exposure from the fifth cause of action is limited by the number of covered positions currently held by employees working for Defendant multiplied by \$2,600; and (iii) that the exposure from the sixth cause of action is based on a conservative assumption of six hours of work per day and the average hourly rate of employees who had left employment since February 9, 2015.

      f.     Based on the allegations in the Complaint, the amount in controversy arising from the second, third, and fourth causes of action could be considerably greater if you assumed a higher violation rate for the alleged meal and rest period claims, and longer work days on average for the sixth cause of action.

      f.     There is some additional amount in controversy associated with Plaintiff's claim for unpaid overtime based on the claim that incentive payments were not included in the overtime rate calculation, Plaintiff's claim for unpaid straight time wages for off-the-clock work performed, and the interests associated with these claims.

11.    The above estimates of the amount in controversy reach the jurisdictional threshold without including the unspecified amount of attorneys' fees that Plaintiffs seek.  In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332, a court may also consider the value of claims for attorney's fees.  *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding the amount in controversy may include attorney's fees recoverable by statute).

12.    For the foregoing reasons, the amount in controversy is sufficient to meet that requirement for removal under CAFA.

5

Plaintiffs and Defendant Are Citizens of Different States

13.     CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant, when at least one member of a class is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. § 1332(d)(2).

14.     Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

15.     A natural person's citizenship is determined by that person's state of "domicile."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  *Id.* (citation omitted).

16.     Here, Plaintiff alleges that at least one member of the class resides in California.

17.     A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).

18.     Defendant is incorporated in the State of Delaware and has its principal place of business in Washington.   (Springer Decl., ¶ 2.)

19.     The presence of "Doe" defendants has no bearing on diversity of citizenship with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

20.     Therefore, the diversity requirement of CAFA removal is satisfied because Plaintiffs are citizens of the State of California, and Defendant is not a citizen of California.

The Putative Class Consists of More Than 100 Members

21.     Plaintiff alleges that the putative class is so large that joinder of all class members would be impracticable.  (Complaint ¶ 31(a).)  There are more than 100 members that fall within the definition of Plaintiff's putative class.  (Fitzgerald Decl., ¶ 2.)

22.     Therefore, based on the pleadings set forth by Plaintiff, the alleged putative class

DEFENDANT'S NOTICE OF REMOVAL                    Case No.

1    contains more than 100 members.

2                    Defendant is Not a Governmental Official or Entity.

3        23.    No defendant is a state, a state official or any other governmental entity.

4                                        **VENUE**

5        24.    Venue properly lies in the United States District Court for the Northern District of

6    California pursuant to 28 U.S.C. § 1441(a).  Section 1441(a) provides, in relevant part:

7            [A]ny civil action brought in a State court of which the district courts of the United
             States have original jurisdiction, may be removed by the defendant or the
8            defendants, to the district court of the United States for the district and division
             embracing the place where such action is pending.
9

10   As indicated above, Plaintiffs brought this action in San Mateo Superior Court.  The United States

11   District Court for the Northern District of California encompasses this territory.  *See* 28 U.S.C.

12   § 84(a).

13
         25.    The Northern District of California, San Francisco Division, is the proper Division
14
     for this action under Northern District Local Rule 3.2(d), which provides, in relevant part:
15

16           [A]ll civil actions which arise in the counties of Alameda, Contra Costa, Marin,
             Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco
17           Division or the Oakland Division.

18                               **TIMELINESS OF REMOVAL**

19       26.    This Notice of Removal is timely because this Notice of Removal is filed within

20   thirty days after Defendant was served with papers from which it could first be ascertained that the

21   case was removable.  28 U.S.C. § 1446(b).

22                       **NOTICE TO PLAINTIFF AND STATE COURT**

23       27.    In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy

24   of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed

25   with the Clerk of San Mateo Superior Court.  As such, all procedural requirements under § 1446

26   are satisfied.

27   ///

28   ///

                                              7

DEFENDANT'S NOTICE OF REMOVAL                          Case No.

## CONCLUSION

28.     For the reasons set forth above, Defendant prays that this action be removed to this Court.


Dated:  April 24, 2018                          JACKSON LEWIS P.C.


                                    By:  _____
                                         Tyler Brown
                                         Angel R. Sevilla
                                         Attorneys for Defendant
                                         WAVEDIVISION HOLDINGS, LLC

4830-6127-8287, v. 3

DEFENDANT'S NOTICE OF REMOVAL                          Case No.